J-S51030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| L.G. | : | |
| | : | |
| Appellee | : | No. 443 MDA 2019 |

Appeal from the Order Entered January 25, 2019
In the Court of Common Pleas of Berks County
Civil Division at No(s): 18-3777

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.:           **FILED OCTOBER 29, 2019**

Appellant, A.W. ("Father") appeals from the order entered in the Berks County Court of Common Pleas, which denied his *pro se* complaint for custody, styled as a petition for visitation with his minor son, I.G. ("Child"), while Father is incarcerated. We affirm.

The trial court issued two opinions, dated January 24, 2019, and April 1, 2019, which set forth the relevant facts and procedural history of this case.[1] Therefore, we have no need to restate them.

On appeal, Father raises the following issues for review:

> DID THE TRIAL COURT ABUSE ITS DISCRETION OR [OVERRIDE] THE LAW WHEN IT CONCLUDED THAT THE UNPROVEN ALLEGATIONS OF PHYSICAL ABUSE WERE FACTUAL EVIDENCE OF ABUSE BY [FATHER] TOWARDS

---

[1] The trial court makes clear that Father's notice of appeal was timely filed on February 20, 2019. (**See** Trial Court Opinion, filed April 1, 2019, at 1 n.1.)

[MOTHER]?

WHETHER IT IS AN ABUSE OF DISCRETION BY THE TRIAL JUDGE BY HIS STATEMENT OF FACT THAT [FATHER] CONTINOUSLY LIED ABOUT WHAT OCCURRED ON SEPTEMBER 28, 2013 IN AN ATTEMPT TO PRESENT [MOTHER] IN A NEGATIVE LIGHT?

DID THE TRIAL COURT ABUSE ITS DISCRETION, OR [SHOW] BIAS [IN FAVOR OF] MOTHER OR [OVERRIDE] THE LAW IN ITS REASONING AND CONCLUSION THAT [FATHER] WAS UNREMORSEFUL AND COMPLETELY UNREHABILITATED BECAUSE HIS TESTIMONY AT TRIAL WAS CONTRARY TO HIS GUILTY PLEA AS [FATHER] IS NOW EXERCISING HIS RIGHTS OF DUE PROCESS OF CHALLENGING HIS CONVICTION ON THE GROUNDS OF INEFFECTIVE ASSISTANCE OF COUNSEL?

DID THE COURT ABUSE ITS DISCRETION BY NOT FULLY EXPLORING THE MERIT OF [FATHER'S] PETITION AND VISITATION BASED ON ITS UNREASONABLE AND UNSUBSTANTIATED CONCLUSION THAT [FATHER] IS [UNREPENTANT AND] UNREHABILITATED?

(Father's Brief at 1-2, and 9).

Our scope and standard of review of a custody order are as follows:

[T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it…. However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination…. Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa.Super. 2014) (quoting *R.M.G., Jr. v.*

*F.M.G.*, 986 A.2d 1234, 1237 (Pa.Super. 2009)). "On issues of credibility and

weight of the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses." *Id.*

When deciding an award of custody, the court must conduct a thorough analysis of the best interests of the child based on the factors set forth in the Child Custody Act ("Act"). *E.D. v. M.P.*, 33 A.3d 73 (Pa.Super. 2011). *See also A.D. v. M.A.B.*, 989 A.2d 32, 36 (Pa.Super. 2010) (stating: "With any child custody case, the paramount concern is the best interests of the child. This standard requires a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral and spiritual well-being of the child").

"**All** of the factors listed in [S]ection 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa.Super. 2011) (emphasis in original). "The court shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). "There is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." *M.J.M. v. M.L.G.*, 63 A.3d 331, 336 (Pa.Super. 2013), *appeal denied*, 620 Pa. 710, 68 A.3d 909 (2013). A court's explanation of the reasons for its decision, which adequately addresses the relevant custody factors, complies with Section 5323(d). *Id.* Further,

> The parties cannot dictate the amount of weight the trial court places on the evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

***R.M.G., Jr., supra*** (quoting ***S.M. v. J.M.***, 811 A.2d 621, 623 (Pa.Super. 2002)). "Ultimately, the test is 'whether the trial court's conclusions are unreasonable as shown by the evidence of record.'" ***Ketterer v. Seifert***, 902 A.2d 533, 539 (Pa.Super. 2006) (quoting ***Dranko v. Dranko***, 824 A.2d 1215, 1219 (Pa.Super. 2003)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable James M. Bucci, we conclude Father's issues merit no relief. The trial court opinions comprehensively discuss and properly dispose of the questions presented. (***See*** Custody Order and Opinion, filed January 25, 2019, at 1-9) (analyzing all custody factors, including eight additional factors regarding incarcerated party who requests visitation, and concluding denial of Father's petition for visitation is in Child's best interests) and (Trial Court Opinion, filed April 1, 2019, at 3-15) (incorporating court's prior opinion and stating it considered affidavit of probable cause in connection with Father's attack on Mother on February 3, 2013, to provide background for what led Father to attack Mother with machete on September 28, 2013; even if court had not considered events of February 3, 2013, or found those events had not occurred, court still found

Mother's testimony credible about Father's attack on September 28, 2013; Mother's testimony was also consistent with Father's guilty plea to aggravated assault for events on September 28, 2013; Father showed no remorse for his actions; court found Father incredible at custody hearing and found Mother credible; any error in court's consideration of affidavit of probable cause was harmless; Father made only blanket assertions of violations of his due process and equal protection rights; Father's attempts to renounce his guilty plea, his insistence that Mother was responsible for her own injuries, and Father's refusal to accept responsibility for what occurred on September 28, 2013, sustain court's denial of Father's petition for visitation; court was deeply disturbed by serious nature of Father's crimes, which led to his incarceration, and Father's unwillingness to accept responsibility for his actions plus his lack of rehabilitation; upon careful consideration of statutory custody factors and additional factors concerning incarcerated party seeking visitation rights, court concluded that any communication with Father at this time was not in Child's best interest). The record supports the court's decision. Here, the court thoughtfully and meticulously analyzed the testimony and the evidence in light of all of the relevant statutory factors and rendered its decision in the best interests of Child. We see no error in the methodology the court used to make its decision. Accordingly, we affirm based on the trial court's opinions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2019